UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHADRICK M. MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>Defendant. | NO: 13-CV-3132-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13 and 14). Joseph M. Linehan represents Plaintiff. Jeffrey E. Staples represents Defendant. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

Case 2:13-cv-03132-TOR   Document 16   Filed 10/29/14

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

Plaintiff applied for disability insurance benefits and supplemental security income disability benefits on July 16, 2010, alleging a disability onset date of March 1, 2008. Tr. 138-41, 142-47. His claims were denied initially and upon reconsideration. Tr. 85-88, 92-96, 97-103. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on March 13, 2012. Tr. 43-78. The ALJ issued a decision denying Plaintiff benefits on March 26, 2012. Tr. 25-41.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through September 30, 2012. Tr. 30. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2008, the alleged onset date. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: cannabis, alcohol, and amphetamine dependence in remission; lumbar degenerative disc disease at L5-S1 with mild disc protrusion and lateral recess stenosis; asthma; and angulated

ununited fifth finger boxer's fracture. *Id.* at 30-31. At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. *Id.* at 31-32. The ALJ then determined that Plaintiff had the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant has the ability to occasionally lift and/or carry up to 20 pounds, and frequently lift and/or carry up to 10 pounds. The claimant also has the ability to stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday. The claimant's ability to push and/or pull is unlimited, other than as shown for lift and/or carry. The claimant further has the ability to frequently climb ramps or stairs and balance, but can only occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds. The claimant also is limited to occasional overhead reaching with his upper left extremity, and the claimant should avoid concentrated exposure to irritants such as fumes, odors, dust, gases, and poor ventilated areas.

*Id.* at 32-33. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a welder. *Id.* at 35. Nevertheless, the ALJ alternatively continued to step five. At step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy, such as ticket seller, cashier II, and office helper. *Id.* at 36. Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied his claims on that basis. *Id.* at 37.

On April 10, 2012, Plaintiff requested review of the ALJ's decision by the Appeals Council. *Id.* at 22. The Appeals Council denied Plaintiff's request for

review on October 17, 2013, *id.* at 1-5, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits and supplemental security income disability benefits under Title II and Title XVI of the Social Security Act.  Plaintiff's sole challenge is whether the ALJ erred in assessing his credibility.  ECF No. 13 at 9.

## DISCUSSION

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R. §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms

"cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff contends that the ALJ improperly discredited his credibility. ECF No. 13 at 9-12. Specifically, Plaintiff challenges the ALJ's rejection of his

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

testimony regarding his limited ability to sit, stand, walk, lift, carry, and use his left hand. *Id.* at 11.

This Court finds that the ALJ provided the following specific, clear, and convincing reasons supported by substantial evidence for finding Plaintiff's statements not credible: (1) Plaintiff's statements were inconsistent with the objective medical evidence; (2) Plaintiff failed to seek and comply with recommended treatment; and (3) Plaintiff's statements were inconsistent with his daily activities. Tr. 33-34.

First, the ALJ found that Plaintiff's statements concerning the severity of his symptoms and limitations were inconsistent with the objective medical evidence. *Id.* In support, the ALJ highlighted the following regarding Plaintiff's complaints regarding his limited ability to sit, stand, walk, lift, or carry: an MRI of his lumbar spine showed only mild degenerative disc disease, Tr. 33, 281; and physical examinations showed that Plaintiff "exhibited 5/5 strength in his lower extremities, negative straight leg raising test, effective ambulation without an assistive device and no back spasms," Tr. 33-34, 280, 298, 301. These inconsistencies between Plaintiff's alleged limitations and the objective medical evidence provided a permissible and legitimate reason for discounting Plaintiff's credibility. *Thomas*, 278 F.3d at 958.

Second, the ALJ found that Plaintiff's statements concerning the severity of his limitations were inconsistent with both his failure to seek treatment and then fully comply with recommended treatment. Tr. 34. For instance, the ALJ noted that Plaintiff's medical records were minimal following his release from the Idaho State Correctional Facility, suggesting that Plaintiff did not feel his condition was severe enough to seek treatment. Tr. 33. Further, the ALJ noted that Plaintiff missed multiple physical therapy appointments, recommended by Dr. Shanks to treat Plaintiff's condition, which suggested that Plaintiff's condition was not as severe as alleged. *Id.* at 34, 323. These inconsistencies between Plaintiff's alleged limitations and both his failure to seek treatment and then comply with recommended treatment provided a permissible and legitimate reason for discounting Plaintiff's credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (finding that a plaintiff's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" provided legitimate reason for rejecting claimant's credibility) (citation omitted).

Finally, the ALJ found Plaintiff's description of his daily activities inconsistent with the disabling limitations alleged. Tr. 23. Although Plaintiff alleged symptoms that affected his ability to lift, squat, bend, stand, reach, sit, kneel, walk, climb stairs, and use his hands, Plaintiff reported that he engaged in most household and yard work, gets outside as frequently as possible, uses public

1  transportation, drives, and could lift approximately twenty pounds. Tr. 34, 185-89.

2  These inconsistencies between Plaintiff's alleged disabling limitations and his

3  reported daily activities provided a permissible and legitimate reason for

4  discounting Plaintiff's credibility.  *Thomas*, 278 F.3d at 958-59; *see also Orn v.*

5  *Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (finding that daily activities may be

6  relevant to an adverse credibility finding either because they contradict a

7  claimant's testimony or demonstrate abilities and skills that can easily transfer to a

8  workplace setting).

9       Accordingly, this Court concludes that the ALJ did not err in discounting

10 Plaintiff's credibility and his ultimate non-disability finding is supported by

11 substantial evidence.

12 **Accordingly, IT IS HEREBY ORDERED:**

13     1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

14     2. Defendant's Motion for Summary Judgment (ECF No. 14) is

15        **GRANTED**.

16     The District Court Executive is hereby directed to enter this Order, enter

17 **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

18     **DATED** October 29, 2014.

19 

20                THOMAS O. RICE
              United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12